**Lillian LEIKIND, Appellant,**

v.

**Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.**

**No. 81–1494.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 6, 1981.

Decided Feb. 16, 1982.

---

Kenneth A. Lechter, Marlow Heights, Md. (Michael J. Graham, Fisher & Walcek, Marlow Heights, Md., on brief), for appellant.

Gabriel E. DePass, Dept. of Health and Human Services, Office of the Gen. Counsel, Baltimore, Md. (Stuart E. Schiffer, Acting Asst. Atty. Gen., Washington, D. C., J. Frederick Motz, U. S. Atty., Randolph W. Gaines, Chief of Litigation, Baltimore, Md., on brief), for appellee.

Before BUTZNER, MURNAGHAN and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

The sole issue presented for review in this case is whether a provision of the Social Security Act pertaining to the quarters of coverage necessary to become eligible for benefits, 42 U.S.C. § 413, violates due process. Because we find the statute to be rational, we hold that it is constitutional and, for that reason, affirm the ruling of the district court.

### I.

The facts are not in dispute. Lillian Leikind is the widow of Hyman Leikind, who died on June 17, 1978. Prior to 1978, Mr. Leikind had twenty quarters of coverage under the Social Security Act. Twenty-three quarters of coverage are necessary to be fully insured under the Act. Before his death, Mr. Leikind had earned $17,000 in the 1978 tax year. Under 42 U.S.C. § 413, if Mr. Leikind had stopped working for any other reason than his death, he would have been covered for all four quarters of 1978. Had he lived, therefore, he and his dependents would have been fully insured under the Social Security Act.

Mr. Leikind's death, however, triggered § 413(a)(2)(B)(i) which provides that "no quarter after the quarter in which an individual dies shall be a quarter of coverage." On March 6, 1979, the appellant filed an application for widow's insurance benefits based upon her husband's account. She was denied benefits by the Social Security Administration because Mr. Leikind had only twenty-two quarters of coverage. Throughout the administrative appeals process and in federal district court, the appellant's sole contention has been that § 413(a)(2) is unconstitutional.

## II.

 The standard of review under substantive due process is that the statute must be upheld if there is *any rational basis* for the classification made therein. *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976). This standard has been applied specifically to claims for benefits under the Social Security Act. *See, e.g., Weinberger Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Richardson v. Belcher*, 404 U.S. 78, 92 S.Ct. 254, 30 L.Ed.2d 231 (1971).

The appellant agrees with the method of counting quarters for self-employed individuals under the statute which allows income to be prorated for four quarters no matter when it is earned. The seasonal nature of many self-employed vocations is likely to cause unequal quarterly income. She asserts, however, that the difference in treatment between one who dies and one who retires, becomes disabled or stops working for some other reason is irrational and violates the due process clause of the Fifth Amendment.

Contrary to the appellant's contentions, justifications that will meet the rationality standard are evident in the context of the statute. First, the reason for allowing self-employed persons to prorate their coverage does not apply after death. Even with a seasonal vocation, it is illogical to assume that a person would have a proportionate earned income after his death. Second, § 413(a)(2) avoids the possibility of an unfair advantage for self-employed individuals as opposed to wage earners. Because a wage earner has coverage only for a quarter in which he works, he would not receive coverage in a quarter after death. The unfairness of allowing self-employed individuals the advantage that the appellant seeks would be greater than that of which she complains. Third, a purpose of § 413 as a whole is furthered by paragraph (a)(2) in that it protects the financial stability of the system by limiting the number of people who are eligible for minimum benefits. And fourth, it is simply logical that a person who has died can no longer contribute to the Social Security system through deductions from his earned income.

We find that there is a rational basis for § 413(a)(2)(B)(i). The order of the district court granting summary judgment for the government, therefore, is

AFFIRMED.